UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Schwab Industries, Inc., | ) | CASE NOS. 5:14CV2578; 5:14CV2586 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Huntington National Bank, et al., | ) | <u>ORDER</u> |
| | ) | |
| Appellees. | ) | |
| | ) | |

These two matters arise from orders of the bankruptcy resolving two adversary proceedings that relate to the same issue. While not formally moving for leave to appeal, Appellant Schwab Industries, Inc. has asked this Court to consider its notice of appeal as a motion for leave to appeal. In turn, Appellees Hahn Loeser & Parks, Andrew Krause, Lawrence E. Oscar, and Huntington National Bank have sought to dismiss both appeals. The Court finds no basis to permit an interlocutory appeal in these matters. Accordingly, both Case No. 5:14CV2578 and Case No. 5:14CV2586 are hereby DISMISSED.

Appellant Schwab seeks to have this Court review the bankruptcy court's October 24, 2014 order that denied its motion to withdraw the reference and remand the matter to state court. In its order, the bankruptcy court examined whether it had jurisdiction under 28 U.S.C. § 1334(b) which grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In resolving the issue, the bankruptcy court first noted that it "must determine whether it has at least original jurisdiction over Plaintiff's claims for malpractice and breach of fiduciary duty because they are either civil proceedings that arise under, arise in or are related to a case under title 11." The Court then reviewed the matter and concluded that "it profoundly believes that it has, at a minimum, related-

to jurisdiction over this proceeding[.]"

Schwab requests that this Court review the bankruptcy court's interlocutory order denying it motion, asserting that review is proper because whether the bankruptcy had subject matter jurisdiction is a controlling issue of law that would resolve the underlying bankruptcy proceedings.

28 U.S.C. § 158(a)(3) provides for appeal of interlocutory orders upon leave of the district court. "[I]nterlocutory appeals are very rarely permitted and generally only in extraordinary circumstances." *Bricker v. Official Committee of Administrative Claimants*, 2007 WL 963290, at *4 (N.D.Ohio 2007) (citations omitted). "[D]oubts regarding appealability ... [should be] resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143 -144 (6th Cir. 1995) (citation omitted).

28 U.S.C. § 158(a)(3) does not list any factors to determine whether an interlocutory appeal is appropriate. Courts, therefore, use 28 U.S.C. § 1292(b) by analogy. *See In re Taranto*, 365 B.R. 85, 87 (6th Cir. BAP 2007) ("[w]hile we are not constrained by the standards set forth in 28 U.S.C. § 1292(b) ... they are instructive"). This statute governs interlocutory appeals to federal courts of appeals from district court orders and specifies factors to determine when interlocutory appeals are appropriate.

Section 1292(b) provides that:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

In the instant matter, the bankruptcy court's Order does not involve a controlling question of law. A legal issue can be deemed controlling "if it could materially affect the outcome of the

case." *In re City of Memphis,* 293 F.3d 345, 351 (6th Cir. 2002). However, factual determinations are not appropriate for interlocutory review. "A legal question of the type envisioned in §1292(b) ... generally does not include matters within the discretion of the trial court." *Id*. "Interlocutory appeals are intended 'for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.' " *Sanderson Farms, Inc. v. Gasbarro*, 2007 WL 3402539, *3 (S.D.Ohio 2007), *quoting In re Pilch*, 2007 WL 1686308, at *4 (W.D.Mich. 2007). "An appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch* at *4. "Orders which are purely procedural or ministerial do not satisfy the interlocutory test." *Bricker* 2007 WL 963290 at *4 (*citing Lovelace v. Rockingham Mem. Hosp.*, 299 F.Supp.2d 617, 623 (W.D.Va. 2004)).

In the instant matter, the bankruptcy court found that it had related-to jurisdiction. A proceeding is "related to" the bankruptcy if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir.1991) (quoting *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d. Cir. 1984)). "Related to" jurisdiction is the most expansive category, covering any proceeding that could have a conceivable effect on the administration of the estate. *See id.* at 1141. Because "related to" jurisdiction covers any proceeding that would fall under the other forms, Courts assessing § 1334(b) jurisdiction therefore need only determine whether the matter is "related to" the bankruptcy. *Id.*

In asserting that a controlling issue of law is presented, Schwab cites only to the general proposition that whether a court has subject matter jurisdiction presents a controlling question of law. In so doing, Schwab ignores the nature of the factual analysis required to determine related-

to jurisdiction. "What will or will not be sufficiently related to a bankruptcy to warrant the exercise of subject matter jurisdiction is a matter that must be developed on a fact-specific, case-by-case basis." *In re W.R. Grace & Co.*, 591 F.3d 164, 174 n. 9 (3d Cir. 2009). Such a fact-specific inquiry would require this Court to delve far beyond the surface of the litigation to review the bankruptcy order. At a minimum, the review would entail a mix of factual and legal questions and therefore does not properly support granting leave to file an interlocutory appeal.

Moreover, there is nothing in the record to suggest that there is some substantial ground for difference of opinion related to the bankruptcy court's determination regarding jurisdiction. While Schwab contends that there is a circuit split on the issue presented, it has wholly failed to identify any circuit that has concluded differently than the result reached by the bankruptcy court. While the Sixth Circuit may not have addressed the precise issue, it appears from review that every circuit court that has addressed the matter has reached the same conclusion – namely that legal malpractice claims stemming from bankruptcy proceedings are core proceedings arising in bankruptcy. *See, e.g., See, e.g., Frazin v. Haynes & Boone, L.L.P.,* 732 F.3d 313, 321-22 (5th Cir. 2013); *Baker & Simpson,* 613 F.3d 346, 350-51 (2d Cir. 2010); *Geruschat v. Ernst & Young LLP,* 505 F.3d 237, 260-61 (3d Cir. 2007).

This Court also finds that resolution of an appeal would not materially advance the ultimate termination of this litigation. As a colleague in the Southern District of New York noted under similar facts:

> At most, the resolution of this appeal would finally determine whether this action proceeds in the Bankruptcy Court or New York state court. If that were a sufficient concern to grant leave to appeal an interlocutory order, then *every* decision not to abstain and remand would be immediately appealable.

*In re Extended Stay, Inc.*, 2012 WL 4914356, at *3 (emphasis sic). Accordingly, Schwab has not its burden to demonstrate that an interlocutory appeal is warranted under the facts and

circumstances presented herein.

      Both appeals filed by Schwab, 5:14CV2578; 5:14CV2586, are hereby DISMISSED.

      IT IS SO ORDERED.


Dated:  May 19, 2015                  */s/ John R. Adams*
                                              UNITED STATES DISTRICT JUDGE